UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                       Case No.: 17-20740

v.                                     Honorable Gershwin A. Drain

CARLOS DAVIS, D-13,

       Defendant.
_____/

## ORDER DENYING MOTION FOR BOND PENDING TRIAL [#213]

### I.    INTRODUCTION

On November 1, 2017, Defendant Carlos Davis was charged in an Indictment with violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d), alleging that Defendant and his co-conspirators are members in a street gang engaged in criminal activities, including narcotics trafficking, robbery, and extortion. Defendant was also charged with assault with a dangerous weapon, 18 U.S.C. §§ 1959(a)(3);2, use and carry of a firearm during, and in relation to, a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii); 2, and willful engagement in a firearms business without a license, 18 U.S.C. § 922(a)(1)(A).

A Second Superseding Indictment was issued on February 14, 2018, charging Defendant with an additional count of assault with a dangerous weapon in

aid of racketeering and an additional count of use and carry of a firearm during, and in relation to, a crime of violence for his role in shooting at rival gang members.

Following Defendant's arrest, he was detained by the magistrate judge, who conducted a hearing, took proffers and heard argument from counsel. The magistrate judge concluded that Defendant had not rebutted the presumption in favor of detention. In addition to his findings on the record, the magistrate judge's reasons included (1) the weight of the evidence, (2) his prior criminal history, and (3) his history of violence and use of weapons. The magistrate judge further noted that Defendant has "numerous Facebook postings of [himself] with a variety of weapons, including military-style weapons with extended clips; two previous convictions for firearms offenses prior to these postings; [and] co-Defendant Sanders['s] recorded statement that Davis was involved in an armed robbery with Defendant [Hakeem] Bunnell."

Presently before the Court is Defendant's Motion for Bond, filed on April 18, 2018. The Government filed a Response on May 1, 2018. A hearing was held on May 18, 2018. For the reasons that follow, the Court will deny the Defendant's Motion for Bond.

## II.     FACTUAL BACKGROUND

The instant action stems from a multi-year investigation of the Smokecamp street gang, which historically has been referred to as the "Runyon Boys," "Original Paid Bosses," and "Paid Bosses, Inc." (hereinafter "Smokecamp/OPB"). Smokecamp/OPB has been operating since at least 2007 and its main source of revenue is the sale of narcotics, including cocaine, cocaine base, heroin, marijuana, ecstasy, and various prescription medications.

Smokecamp/OPB has taken control of the neighborhood near Seven Mile and Albion Roads on the east side of Detroit, which members refer to as "ABlock." Smokecamp/OPB members sell narcotics from "trap" houses, the Plaga Apartment complex and businesses such as the East Seven Mile Liquor Store, Fresh Fish Market, MetroPCS and the Sunoco gas station, which are all located in the ABlock neighborhood. Smokecamp/OPB members have also traveled to West Virginia, Ohio and Kentucky to sell controlled substances.

Smokecamp/OPB members utilize a variety of unifying marks and identifying signs such as red clothing, tattoos of five-pointed stars and the number 724. They also regularly use social media websites such as Instagram, Twitter, Facebook and YouTube to highlight their affiliation with the gang, as well as to boast about their criminal activities.

Smokecamp/OPB members protect their ABlock "territory" by using intimidation and violence, including assaults and robberies, both with dangerous weapons, thereby perpetuating a climate of fear in the ABlock neighborhood. They are also alleged to have committed extortion, money laundering and witness intimidation in furtherance of their conspiracy.

Defendant is twenty-four years old. He is a graduate of Osborn High School and has a history of employment. He has strong ties to the community—he has four children, a significant other and a sister, with whom he resides. He is a convicted felon and has previous convictions for firearm related offenses

Similar to his co-conspirators, Defendant has a propensity to boast about his criminal activities via his social media accounts. For instance, on May 19, 2017, Defendant posted a photograph of himself holding an AK-style rifle and a pistol, with the caption, "Come get killed." On January 31, 2017, Davis posted a photograph of himself holding two handguns, with the caption, "#FREEDEMREAL SMOKECAMPHITTAS WHOLE HOOD KNOW WE APPLY PRESSURE." On October 31, 2016, Defendant posted a photograph of himself while in possession of an AK-style rifle and pistol, with the caption, "Ain't no robbing." On April 4, 2016, Defendant posted a photograph of three pills that are suspected to be ecstasy. On November 14, 2015, Defendant posted a

photograph depicting him in possession of two pistols, an AR-style rifle, captioned: "It ain't shit to snatch a niggalife . . . ."

### III. LAW & ANALYSIS

#### A. The Bail Reform Act

Title 18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a *de novo* hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the

5

history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

"When a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention : 'Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community[.]'" *Stone*, 608 F.3d at 945 (quoting 18 U.S.C. § 3142(e4)(3)). "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). "Section 3142(e)(3)'s presumption in favor of detention imposes only a 'burden of production' on the defendant, and the government 'retains the burden of persuasion.'" *Stone*, 608 F.3d at 945 (citations omitted). "Although a defendant's burden of production 'is not heavy,' he must introduce at least some evidence." *Id.*

"Even when a defendant satisfies his burden of production, however, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id.* (citations and quotations omitted). "The presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id.*

"To rebut the presumption, therefore, a defendant should 'present all the special features of his case,' that take it outside 'the congressional paradigm.'" *Id*. at 946.

Here, the grand jury found probable cause to indict Defendant for two counts of use and carry a firearm during and in relation to a crime of violence. His use of a gun during each of these episodes carries a presumption of detention. 18 U.S.C. § 3142(e)(3)(B).

B.  **Nature and Characteristics of the Charged Offense**

Defendant is named in a twenty-one count Second Superseding Indictment charging an extensive racketeering conspiracy. This conspiracy is alleged to have committed overt acts of assault, narcotics trafficking, extortion, money laundering and armed robbery. In essence, the Superseding Indictment describes a sophisticated organization that has terrorized the Seven Mile and Albion Roads neighborhood on the east side of the city for roughly a decade. The full extent of the alleged conspiracy is unquestionably serious.

It is alleged that Defendant has been personally involved in the gang's violence, and is charged with robbing a victim at gunpoint on October 24, 2015, and shooting at a rival gang member on February 23, 2015. Defendant is a convicted felon, yet he brazenly continues to possess and use firearms. The Sixth Circuit has upheld pretrial detention on dangerousness grounds based in part on access to weapons. *See, e.g., United States v. Ramsey*, 110 F.3d 65 (table) 1997

WL 135443, at *1 (6th Cir. Mar. 24, 1997). If convicted of the charged offenses, Defendant faces life in prison. This factor weighs in favor of detention.

### C. The Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948.

Here, the weight of the evidence of Defendant's dangerousness is strong. His social media postings reveal that he has access to, and uses military-style rifles to further the gang's criminal activities. The Smokecamp gang is a dangerous enterprise and the Court need not ignore Defendant's affiliation with, and participation in it. *See, e.g., United States v. Billingsley*, 682 F. App'x 681, 683 (10th Cir. 2017). This factor also favors detention.

### D. History and Characteristics of the Defendant

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."

18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Here, Defendant appears to be a lifelong resident of the community. He claims to have verifiable employment; however he does not indicate what that employment entails. He is a felon with multiple firearm offenses. It is unclear if Defendant was on any type of supervision during the time of the charged offenses herein.

### E. The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). For all of the reasons explained above, this factor weighs heavily in favor of a finding that Defendant poses a danger and should be detained.

Defendant has failed to rebut the presumption of detention prior to trial. He has failed in his burden of production of least some evidence demonstrating he is not a danger to the community and that the "special features of his case . . . take it

outside the congressional paradigm" that certain classes of offenders, such as the Defendant, warrant detention prior to trial. *Stone*, 608 F.3d at 946.

## IV. CONCLUSION

For the reasons articulated above, Defendant's Motion for Bond [#213] is DENIED.

SO ORDERED.

Dated: May 18, 2018
/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 18, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager